UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE A. RODRIGUEZ,

Plaintiff,

-against-

PCI CONTRACTOR,

Defendant.

24-CV-0581 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jose A. Rodriguez, a Bronx resident who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. He names as the Defendant, PCI Contractor, a company located in Mount Vernon, New York. By order dated January 29, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action concerns alleged damage to Plaintiff's property by individuals employed with Defendant PCI Contractor. The following facts are drawn from the complaint.[1] On June 28, 2023, in the Bronx, Defendant

> was doing construction in front of my residence such as cutting the street with a powerful machine which caused cracks on the wall of the garage and very serious damages to the point that one of the walls is actually hanging due to the vibration and shaking.

(ECF 1, at 5.) Defendant "offered" to pay Plaintiff $2,000.00, "which I did not accept due to the fact that it was not a reasonable amount to cover the extensive damages caused by the defendant when doing construction." (*Id.*) Plaintiff seeks relief in "a reasonable amount to cover expenses for the very serious damage." (*Id.* at 6.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc, 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc.*

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

*v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of his state law claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company takes the citizenship of each of its members, *Bayerische Landesbank v. Aladdin Cap. Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff indicates in the complaint that he and Defendant reside in New York, precluding complete diversity of citizenship. The Court therefore cannot exercise subject matter jurisdiction of Plaintiff's claims.[2]

[2] The Court cannot exercise federal question jurisdiction of Plaintiff's claims because they do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**LEAVE TO AMEND DENIED**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend his complaint because the defects in the complaint cannot be cured with an amendment. Plaintiff's claims arise under state law, and this Court can exercise jurisdiction of such claims only under its diversity jurisdiction. As the parties are not diverse, the Court does not have such jurisdiction of the claims.[3]

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action

SO ORDERED.

Dated: March 18, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[3] The Court offers no opinion as to the viability of any state law claim Plaintiff may wish to pursue in state court.